IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,         )
                                  )
                  Plaintiff,      )
                                  )
          vs.                     )
                                  )
RONN L. ROSEBERRY, a/k/a "Rosie", )
BETTY J. DUVALL,                  )
TWILA JO DAVIS,                   )
SUSAN C. McKITRICK, and           )
SABRENA M. VITCOVICH,             )
                                  )
                                  )   No. J05-0004-CR (HRH)
                  Defendants.     )
_____ )
                                  )
This Order pertains to:           )
                                  )
TWILA JO DAVIS          [D-03]    )
_____ )


O R D E R

Motion for Evidentiary Hearing

　　　　Defendant Davis moves on shortened time for an evidentiary hearing in connection with imposition of sentence.[1] Consideration on shortened time is granted. Defendant's request to put on evidence in connection with sentencing is also granted, with the following observations.

---

[1] Clerk's Docket No. 194.

- 1 -

(1) The matter of whether or not Davis has two or one prior felony drug convictions would appear not to call for oral testimony from anyone. Rather, the necessary evidence will consist of state court documents. Counsel and the probation officer will please consult with one another to the end that the pertinent documents evidencing the status of Davis' prior conviction(s) are put before the court by noon on Tuesday, February 7, 2006.

(2) The court will hear whatever evidence Davis and/or the Government wishes to present on the subject of her assistance; however, counsel will please confer in advance of the sentencing hearing for purposes of ascertaining whether or not there is a dispute as to the extent of Davis' assistance.

(3) Counsel urges on behalf of Davis that the court should sentence her "to serve a portion of her sentence in an in-patient residential treatment facility before or after serving any term of imprisonment."[2] Where there is evidence of substance addiction, the court routinely authorizes the probation service to require in-patient or out-patient treatment during supervised release. Similarly, the court routinely recommends that the Bureau of Prisons incarcerate substance abusers in facilities where they will have counseling and treatment available. The court knows of no reason why it would not do the same in this case based upon its present knowledge of this case. The court doubts that it has the authority to sentence anyone to serve a portion of his or her sentence in an in-patient residential treatment facility that is

---

[2] Id. at 1.

not a federal correctional institution. It is the court's recollection that counsel previously suggested a period of local, in-patient treatment before incarceration in a federal correctional institution. Again, the court doubts there is any statutory authority for such a sentence.

If counsel for defendant believes there is authority for the kind of sentence discussed above, that authority shall be submitted to the court in writing on or before noon on Tuesday, February 7, 2006. Absent the presentation of such authority, the court will not receive testimony as regards the advisability of a form of placement which the court believes it has no authority to impose.

DATED at Anchorage, Alaska, this <u>1st</u> day of February, 2006.

/s/ H. Russel Holland
United States District Judge