**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

<u>  UNITED STATES OF AMERICA  </u>  v.  <u>      TWILA JO DAVIS      </u>

THE HONORABLE PHILLIP M. PALLENBERG

DEPUTY CLERK                              CASE NO. <u> 1:05-cr-00004-03-JKS-PMP </u>
<u> Linda Christensen </u>

PROCEEDINGS: **MINUTE ORDER FROM CHAMBERS**        DATE: June 28, 2007

    On January 31, 2007 Ms. Davis filed a motion to vacate, set aside, or correct her sentence under 28 USC §2255.  Counsel was appointed to represent her on April 5, 2007, and her counsel was given until April 30 to file an amended petition or a notice that no amended petion was filed.  On April 19, counsel filed an unopposed motion to extend that deadline until May 30 in order to allow her time to speak with her client and review the file.  That motion was granted.

    Then on May 31, after the deadline, counsel filed a second unopposed motion for extension of time, seeking an extension until June 29.  That motion sought an extension in order to allow counsel time to complete reading the record and speak with trial counsel.  That motion was also granted.

    Counsel now files a third motion for extension of time (docket 299), requesting an extension of time until July 15 in order to allow counsel time to speak with her client again and to consult with trial counsel.  This time the motion is not unopposed.

    While the assigned magistrate judge considers himself to have an extremely low threshold for the cause required to obtain an extension of time, there still ought to be some showing of good cause for an extension, whether it is unopposed or not.

    In each of these cases, the motion stated the purpose for which the extension was sought, but made no showing of good cause whatsoever.  Good cause generally means a short affidavit explaining why the time allowed, including the extensions previously obtained, has not been sufficient to perform the task in question.  None of counsel's three motions for extension of time has been supported by an affidavit or any other factual showing.

[]{IA.WPD*Rev.12/96}

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

<u>  UNITED STATES OF AMERICA  </u>   v.   <u>     TWILA JO DAVIS     </u>

THE HONORABLE PHILLIP M. PALLENBERG

DEPUTY CLERK                       CASE NO.  <u>1:05-cr-00004-03-JKS-PMP</u>
<u> Linda Christensen</u>

<u>PROCEEDINGS</u>: **MINUTE ORDER FROM CHAMBERS**       DATE: June 28, 2007
-----------------------------------------------------------------

    While this matter sits in court, Ms. Davis sits in jail. Along with the government, the court, and the public, she is entitled to have this matter heard in a timely fashion. The court is not assuming that counsel has been dilatory, but the court simply has no information from which it can determine whether there is good cause for a third extension of time. If counsel has been dilatory, the court is loath to penalize Ms. Davis for this.

    The motion for extension of time is **DENIED** without prejudice to a renewed motion supported by an affidavit setting out cause for a third extension.

-------------------------------

Page 2

[]{IA.WPD*Rev.12/96}