Meredith A. Ahearn
HAGANS, AHEARN & WEBB
310 K Street, Suite 400
Anchorage, AK  99501
(907) 276-5294

Attorney for Defendant Twila Jo Davis

U. S. DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TWILA JO DAVIS, | ) | |
| | ) | |
| Defendant. | ) | Case No. 1:05-cr-0004.3-HRH |
| | ) | |

### DEFENDANT'S AMENDED § 2255 PETITION

Defendant Twila J. Davis filed a motion with this Court pursuant to 28 U.S.C. § 2255 on January 31, 2007.  Ms. Davis is currently incarcerated at F.M.C. Carswell, serving a sentence of 120 months after a plea of guilty to attempted possession with intent to distribute (21 U.S.C. § 846(a)(1) and (b)(1)(B)).  Ms. Davis has alleged ineffective assistance of trial counsel in violation of her Sixth Amendment rights under the United States Constitution.  Supporting facts are as follows:

1. It was Defendant's understanding that she was signing a plea agreement pursuant to which she would receive a five-year sentence. Because of health issues with her trial attorney, she had little time to consult prior to signing the agreement, which was signed at her sentencing hearing. She signed with the understanding that she was eliminating the chance that her two prior state felony convictions would be used against her to classify her as a career criminal. The prosecuting attorney highlighted the part of her plea agreement that read "five years." Defendant was classified as a career offender, and because of that classification she received a ten-year sentence instead of the five-year sentence she believed would be imposed..

2. Defendant believes that she was misled by the government and by her trial attorney and was forced into signing the plea agreement at the last minute. She did not understand that she would not be able to appeal her sentence because of a waiver of the right to do so in the plea agreement. She did, in fact, file a notice of appeal upon conviction but was advised at that time that she had waived her right to appeal.

3. Defendant believed that she was going to have an evidentiary hearing prior to the imposition of sentence at which time the government would be required to prove that the quantity and quality of drugs for which she accepted responsibility.

4. Defendant also requested a private laboratory test of the package containing the alleged drugs, but this never occurred, despite the fact that she was led by

trial counsel to believe that it would, in fact, be done.  No explanation was given to Defendant as to why the package was not privately tested.

Dated at Anchorage, Alaska this 4rd day of August 2007.

HAGANS, AHEARN & WEBB
Attorneys for Defendant


By: /s/ Meredith A. Ahearn
Meredith A. Ahearn
Alaska Bar No. 6903001
HAGANS, AHEARN & WEBB
310 K Street, Suite 400
Anchorage, AK  99501
(907) 276-5294:  Phone
(907) 276-8732:  Fax
E-mail:  haw@alaska.net

**CERTIFICATE OF SERVICE**

I certify that a copy hereof was served electronically this 3rd day of August 2007 on:

James A. Goeke
William B. Carey,
D. Scott Dattan
Michael D. Diene
Louis Menendez

/s/ Meredith A. Ahearn
Meredith A. Ahearn

*6479*