NELSON P. COHEN
United States Attorney

JAMES A. GOEKE
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9
Anchorage, Alaska  99513-7567
Phone:  (907) 271-5071
Fax:    (907) 271-1500
Email: james.goeke@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 1:05-cr-0004-3-HRH |
| | ) |
| Plaintiff, | ) **UNITED STATES' ANSWER** |
| | ) **AND OPPOSITION TO** |
| vs. | ) **MOTION TO VACATE** |
| | ) **SENTENCE UNDER** |
| TWILA JO DAVIS, | ) **28 U.S.C. § 2255** |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

COMES NOW, the United States of America, by and through undersigned counsel, and hereby answers and opposes Twila Jo Davis' Motion to Vacate Sentence Under 28 U.S.C. § 2255.  Davis moves to vacate her conviction and sentence she received pursuant to a Plea Agreement in which she agreed to waive

her right to collaterally attack her conviction and sentence, with the exception of any challenge alleging ineffective assistance of counsel.[1]  Plea Agreement, p. 5. Davis now seeks to evade the collateral attack waiver and alleges ineffective assistance of counsel as the basis for her Motion to Vacate Sentence Under 28 U.S.C. § 2255.  The Court has granted the defendant's motion for an evidentiary hearing, but has not set a date for the hearing.

## I.     The United States Denies the Claims in the Amended Petition

The United States hereby answers Davis' Amended Petition and denies all allegations in Davis' Amended Petition.  The United States expects that the evidentiary hearing in this matter will demonstrate that Davis received effective assistance of counsel and, as a consequence, that she has waived her right to collaterally attack her conviction and sentence.  Accordingly, following the evidentiary hearing, the United States expects to move the Court to deny and dismiss her Amended Petition.

---

[1] Davis also reserved the right to challenge her guilty plea based on the voluntariness of the plea.  Plea Agreement, p. 6.

## II. Procedural History

Davis signed a Plea Agreement with the United States in this case on October 25, 2005 and entered her guilty plea on the same day. The Plea Agreement is exhaustively detailed and includes, among other things, sections on her sentence exposure (including clear language noting that she faced a potential sentencing range of 188 to 235 months if she was found to be a career offender), the factual basis for her guilty plea (including a predicate drug quantity), her satisfaction with her counsel, and the rights she waived by entering a guilty plea, including an appeal and collateral attack waiver. Plea Agreement, pp. 5-6 (collateral attack and appellate waiver); 17-18 (sentencing exposure as a career offender); 20-21 (factual basis, including drug quantity); 22-27 (waiver of rights). Davis was sentenced on February 9, 2006 and received a sentence of 120 months, far below the possible sentence outlined in the Plea Agreement under the United States Sentencing Guidelines.

Despite the waiver of appellate rights in her Plea Agreement, Davis filed a notice of appeal on February 14, 2006. Davis later moved to dismiss her appeal and an order dismissing the appeal was entered on September 1, 2006. Davis then

filed her initial Motion to Vacate Sentence Under § 2255 on January 31, 2007. On July 26, 2007, the Court granted Davis' motion for an evidentiary hearing and ordered that Davis file her Amended Petition by August 3, 2007. The Court noted that the date of the evidentiary hearing would be determined after Davis filed her Amended Petition. Docket No. 308. Davis then filed her Amended Petition on August 3, 2007.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 established a one-year period of limitations for collateral relief under 28 U.S.C. § 2255. The limitations period runs from the latest of several potentially applicable dates. In a case such as the one at bar, where the defendant's appeal was dismissed, the judgment of conviction becomes final 90 days after entry of the court of appeals judgment. <u>Clay v. United States</u>, 537 U.S. 522 (2003). Here, given that the appeal was dismissed on September 1, 2006, the defendant's petition was timely filed.

### III. The United States Requests an Evidentiary Hearing on a date after November 12, 2007

The United States requests that the Court set the previously granted evidentiary hearing in this matter on a date after November 12, 2007. This will allow sufficient time for the government to complete its review of the record in this matter and will not conflict with multiple trial obligations of government counsel. Specifically, the undersigned is currently set to commence trial in United States v. Kott, et al., 3:07-cr-0056-JWS on September 5, 2007. Trial is expected to last approximately three weeks. The undersigned is then scheduled to commence trial in United States v. Kohring, 3:07-cr-00055-JWS on October 22, 2007. That trial is expected to last two weeks.

The government further requests that the Court set the evidentiary hearing in this matter in Anchorage as government counsel, Davis' current counsel, and Davis' prior counsel are in Anchorage. Moreover, on information and belief, an evidentiary hearing in Anchorage will place less of a burden on the United States Marshal.

### IV. The Evidentiary Hearing Will Establish the Davis Received Effective Assistance of Counsel

The United States expects that the evidentiary hearing will demonstrate that Davis received effective assistance of counsel and will demonstrate that Davis told the Court, under oath at sentencing, that she was satisfied with her attorney and that her attorney did in fact provide effective assistance of counsel with regard to the allegations in her Amended Petition.  Specifically, the government anticipates that the evidence will show that Davis was: (1) advised about her exposure as a career offender; (2) advised of the appellate waiver in her plea agreement; (3) properly advised about the purpose of any evidentiary hearing at sentencing; and (4) was afforded an opportunity for an evidentiary hearing at sentencing.  The United States will also establish that the Plea Agreement in this case squarely addressed all material points of Davis' sentencing exposure and issues of drug quantity.  The government plans to submit relevant excerpts from the change of plea hearing and the sentencing hearing in this matter to the Court at the time of the evidentiary hearing.

In order to succeed on an ineffective assistance of counsel claim, Davis must show both inadequate performance by counsel and prejudice arising

therefrom. Strickland v. Washington, 466 U.S. 668 (1984). With regard to inadequate performance, Davis is required to point to specific errors and omissions in the record. United States v. Johnson, 820 F.2d 1065, 1073 (9th Cir. 1987).

> The essence of an ineffective assistance of counsel claim is that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."...in establishing prejudice [the defendant]"must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." Counsel's errors must be "so serious as to deprive defendant of a fair trial, a trial whose result is reliable."

Williams v. Calderon, 52 F.3d 1465, 1469 (9th Cir. 1995). The government expects that the evidentiary hearing in this matter will establish that Davis cannot meet either of the prongs required by Strickland. Specifically, the government believes that Davis certainly cannot show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. Furthermore, the Court must always "indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

## V. The United States Requests An Opportunity for Further Briefing After the Evidentiary Hearing

Following the evidentiary hearing in this matter, the United States requests that the Court set a schedule for additional briefing. Specifically, the government requests that both parties be afforded an opportunity to apply the relevant legal standards to whatever evidence is adduced at the evidentiary hearing. This will assist the Court and the parties following the evidentiary hearing to resolve this matter efficiently.

## VI. Conclusion

Accordingly, based on the foregoing, the government respectfully requests that the Court set the previously granted evidentiary hearing in this matter for a date after November 12, 2007. The government further requests that the Court set the evidentiary hearing in Anchorage and that the Court order additional briefing following the evidentiary hearing to address all issues raised during the evidentiary hearing and raised by Davis' Amended Petition.

RESPECTFULLY SUBMITTED this 4th day of September 2007, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ James A. Goeke
JAMES A. GOEKE
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: james.goeke@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the <u>United States' Answer and Opposition to Motion to Vacate Sentence Under 28 U.S.C. § 2255</u> was sent to the following counsel of record on September 4, 2007, via electronic service:

Meredith A. Ahearn

 s/ James A. Goeke