IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>              )<br>          Plaintiff, )<br>              )<br> vs.            )<br>              )<br>RONN L. ROSEBERRY, a/k/a "Rosie", )<br>BETTY J. DUVALL,       )<br>TWILA JO DAVIS,        )<br>SUSAN C. McKITRICK, and    )<br>SABRENA M. VITCOVICH,     )<br>              ) No. J05-0004-CR (HRH)<br>         Defendants. )<br>_____)<br>              )<br>This Order pertains to:    )<br>              )<br>TWILA JO DAVIS    [D-03] )<br>_____) | |

O R D E R

Motion to Vacate

  Defendant Davis moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon her by this court.[1] Proceedings on this motion were before the assigned United States magistrate judge, who conducted an evidentiary hearing on defendant's contention that she received ineffective assistance

---

[1] Defendant's amended Section 2255 petition appears at Docket No. 314.

from trial counsel in violation of her Sixth Amendment rights. At the conclusion of proceedings before the magistrate judge, a recommendation of denial was entered.[2] Provision was made for the filing of objections. No objections have been filed and, therefore, the initial recommendation of the magistrate judge has become final.

Based upon its review of the record in this case, as well as its own subjective recollection of this case, this defendant and her counsel's conduct, the court adopts the findings and conclusions of the magistrate judge as its own.[3] The court concludes that the motion is entirely without merit.

Supplementing the report and recommendation, the court has the following additional observations.

As discussed in detail by the magistrate judge in the report and recommendation, the decision on this motion is governed by Strickland v. Washington, 466 U.S. 688 (1984). Under Strickland, the defendant has the burden of demonstrating that his attorney's performance fell below an objective standard of reasonableness. Trial counsel's efforts to reduce defendant's sentence were not deficient in the least. Indeed, his efforts were quite successful. Not only did the court afford defendant a substantial assistance departure greater than that offered by the Government, but, in

---

[2]Docket No. 343.

[3]Inasmuch as no objections were filed in response to the report and recommendation, the magistrate's findings of fact are not subject to challenge. Robbins v. Carey, 481 F.3d 1143, 1146 (9th Cir. 2007).

addition, trial counsel persuaded the court to grant defendant a downward departure of one criminal history category.[4]

The defendant's contention that she was uninformed as regards the possibility of a career criminal classification under her plea agreement is utterly and completely without merit.  This defendant was not an immature, stupid kid.  Defendant was approximately 40 years old at the time of sentencing, she had a high school education and work experience of some years as a bookkeeper.  At the change of plea hearing, defendant impressed the court as being an intelligent woman.

The plea agreement expressly — in bold-face type and underscored — set forth defendant's understanding that she might be classified as a career offender.[5]  Defendant acknowledged having discussed the plea agreement fully with counsel, having her questions answered, and to her understanding of the agreement.  In light of all of the foregoing, defendant's present contentions regarding her sentence are incredible.

Defendant complains that her attorney agreed that the count of conviction involved 76 grams of methamphetamine without adequately investigating the subject.  That argument also is meritless.

---

[4]Statement of Reasons (Sealed) at 4, Docket No. 219.  The plea agreement provided:  "[t]he defendant may argue about the appropriate criminal history category or classification, but may not make a downward departure motion on this basis."  Plea Agreement at 18, Docket No. 129.  There was no room for doubt that defendant was a career offender and should therefore be classified as a Criminal History Category VI.  The court granted a departure to Criminal History Category V, despite the terms of the plea agreement.

[5]Plea Agreement at 17-18, Docket No. 129.

Without the career offender adjustment, and based solely upon the quantity of drugs, defendant's offense level would have been 26, not 34. Defendant would had to have been accountable for 1.5 to 5 kilograms of methamphetamine in order to reach level 34, which was imposed because of the career offender guideline. Once defendant's criminal record of two prior drug offenses was conceded, the quantity of drugs to which trial counsel agreed played no role whatever in these proceedings. There was no need to investigate the quantity of drugs in question.

Turning to the question of prejudice, the defendant simply has not shown that any action or failure to act on the part of her trial counsel operated to her disadvantage.

Defendant's other contentions are adequately dealt with by the magistrate judge.

The motion to vacate, set aside, or correct defendant's sentence is denied.

DATED at Anchorage, Alaska, this <u>4th</u> day of February, 2008.

/s/ H. Russel Holland
United States District Judge